46 P.(2d) 669

## STATE v. BOARD OF COUNTY COM'RS OF SAN JUAN COUNTY.

### No. 4041.

Supreme Court of New Mexico.

June 17, 1935.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

David Chavez, Jr., and David W. Carmody, both of Santa Fé, for appellees.

WATSON, Justice.

On September 30, 1933, one McJunkin, a person charged with the commission of a crime, and in the custody of the sheriff of San Juan county, was received at the State Penitentiary under an order of the district

judge, made pursuant to Comp. St. 1929, § 75-118, for safe-keeping.

On January 11, 1934, the prisoner was sentenced to the penitentiary for a term of not less than three years, "which said sentence shall run from the 30th day of September, 1933." Inadvertently, the quoted portion of the judgment was not at the time entered of record. An amended judgment was subsequently entered. No point is here made of the omission and subsequent amendment, the matter being argued as if the judgment had been originally as stated.

The state has sued the county for the maintenance and safe-keeping of the prisoner for the period November 1, 1933—January 11, 1934. The county denies liability, contending that the judgment has operated to make McJunkin a state prisoner from the date his sentence was made retroactively to run.

We deem it unnecessary to decide the matters argued by counsel as to the power of the district judge to fix the date of commencement of sentence or to specify a date of commencement of term prior to the date of conviction and judgment, or as to the effect of such action upon the rights or liberty of the prisoner. This case requires merely that we place the liability for the maintenance and safe-keeping of the prisoner up to the time when he was convicted and sentenced.

Our statutory policy seems plain that one charged with crime and in the custody of the sheriff awaiting trial is a county prisoner. The State Penitentiary has no responsibility or duty in the matter unless the district judge, pursuant to the statute cited, shall order removal to the penitentiary. By invoking that statute, the district judge incurs for the county the liability which the statute puts upon the county for the "preferential bill of expense." The penitentiary was compelled to receive and maintain McJunkin as a county prisoner. Whatever fiction might be indulged as to when his term commenced or will end, it cannot change the fact that he was received and maintained as, and was, a county prisoner during the period in question. The district judge might have revoked his order and placed his custody elsewhere.

The judgment, being inconsistent with these views, must be reversed. The cause will be remanded, with a direction to sustain the state's demurrer to the new matter in the county's answer.

It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.